IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANDREW JOHNSON,<br><br>    Plaintiff,<br><br>vs.<br><br>EXPERIAN MARKETING SOLUTIONS, INC., a Delaware Corporation,<br><br>    Defendant. | 8:15-CV-0125<br><br>MEMORANDUM AND ORDER |

  This matter is before the Court on the plaintiff's "Motion for Temporary Restraining Order and Temporary Injunction" (filing 7), which the Court understands to be a motion for preliminary injunction pursuant to Fed. R. Civ. P. 65(a), and the defendant's Motion to Stay (filing 16). The Court will grant the motion to stay, and deny the motion for preliminary injunction without prejudice.

BACKGROUND

  The plaintiff, Andrew Johnson, is a former employee of the defendant, Experian Marketing Solutions. Filing 6 at 1. Johnson resigned his position at Experian to take a job with Acxiom Corporation, a competitor of Experian. Filing 6 at 1-2. The substantive dispute underlying this case involves several noncompetition clauses that, according to Experian, prevent Johnson from working for Acxiom for a year following his resignation. Filing 6 at 2. Johnson contends that those clauses are unenforceable. Filing 6 at 4.

  Johnson notified Experian of his resignation on Friday, April 10, 2015. Filing 6 at 1. Later that day, Experian sent a demand letter to Acxiom advising Acxiom of the noncompetition agreement and threatening legal action with respect to Johnson and another departing employee, Richard Erwin. Filing 6-1. The following Monday, April 13, Johnson filed a complaint for declaratory judgment against Experian in the District Court of Douglas County, Nebraska. Filing 1-1. On April 14, Experian sued Johnson and Erwin in the Circuit Court of Cook County, Illinois.[1] Filing 18-2. On the same day, Johnson moved for a temporary restraining order in Nebraska state court.

---

[1] Experian alleges that its principal place of business is in Cook County. Filing 18-2 at 7.

Filing 1-2. But before that motion was ruled upon, on April 16, Experian filed its notice of removal to federal court. Filing 1. At some point, Experian moved in Illinois state court for a temporary restraining order, but on April 17, that motion was denied. Filing 6 at 10. On April 20, Johnson moved to dismiss the Illinois action. Filing 18-3. That motion is pending. Filing 18-5. On April 21, Johnson moved in this Court for a preliminary injunction, asking the Court to enjoin Experian from pursuing legal proceedings to enforce the noncompetition clauses. Filing 7. That motion is also pending. Finally, on May 7, Experian moved to stay this case in deference to the Illinois state court's disposition of Johnson's motion to dismiss. Filing 16.

## DISCUSSION

The parties have, as directed by the Court, briefed issues relating to parallel litigation and federal court abstention, most pertinently the Court's discretion to stay or abstain from exercising jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), when a parallel state court action involving questions of state law is pending.[2] *See Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). A district court may exercise its discretion and determine that a declaratory judgment serves no useful purpose. *Cincinnati Indem. Co. v. A & K Constr. Co.*, 542 F.3d 623, 625 (8th Cir. 2008).

That broad discretion, which is grounded in the language of the Declaratory Judgment Act, is guided by considerations of judicial economy, practicality, and wise judicial administration, and with attention to avoiding gratuitous interference with state proceedings. *Lexington Ins. Co. v. Integrity Land Title Co., Inc.*, 721 F.3d 958 967-68 (8th Cir. 2013). The Court must determine if the question in controversy would be better suited to the proceedings in the state court; this analysis includes whether the state case involves the same issues and parties as the federal declaratory case, whether all claims can be decided in the state court, and whether all parties are joined and amenable to process there. *Cincinnati Indem. Co.*, 542 F.3d at 625. And the issues cannot be governed by federal law. *Id.*

Experian argues, unsurprisingly, that *Wilton* abstention weighs in favor of staying these proceedings. But the initial question is whether *Wilton* abstention standards apply at all. Johnson argues they do not. Filing 21. Johnson's argument is a mélange of different contentions, many of which are off the mark. Initially, Johnson argues that Illinois is not the proper venue for this action, because the choice of law and choice of venue provisions in the

---

[2] Even though this case was removed from state court, a state court declaratory action that is removed is treated as invoking the federal Declaratory Judgment Act. *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 261 n.3 (4th Cir. 2013); *see People v. Archer Daniels Midland Co.*, 704 F.2d 935, 939 (7th Cir. 1983).

noncompetition agreements are unenforceable. Filing 21 at 5-11. But the Supreme Court has never used choice of law or venue considerations as factors in analyzing an abstention under *Wilton*, and the Eighth Circuit has found no authority requiring the Court to consider them. *Royal Indem. Co. v. Apex Oil Co., Inc.*, 511 F.3d 788, 797 (8th Cir. 2008). The threshold question when parallel litigation is involved is not determining the appropriate venue, but deciding which court will take the lead in determining the appropriate venue. *Wilton* provides the rubric for a federal court making that decision. And nothing in Johnson's argument persuades the Court that the Illinois circuit court is incapable of deciding issues relating to choice of law and venue, even if Nebraska law is implicated. *See id.*

Next, Johnson argues that *Wilton* abstention is inappropriate because his complaint is not limited to declaratory relief. Filing 21 at 11. He points out that he has asked for injunctive relief, and pled a claim for tortious interference with a business expectancy. Filing 21 at 11-12. Johnson contends that as a result, the Court cannot apply *Wilton*, but must apply the more restrictive *Colorado River* doctrine, which requires "exceptional circumstances" before the Court may decline to exercise jurisdiction. *See Royal Indem. Co.*, 511 F.3d at 793 (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)). But even in a declaratory judgment action, the Court may "grant any 'further necessary or proper relief based on' its declaratory judgment decree." *Id.* (quoting 28 U.S.C. § 2202). "[C]onsequently, a court may still abstain in a case in which a party seeks damages as well as a declaratory judgment so long as the further necessary or proper relief would be based on the court's decree so that the essence of the suit remains a declaratory judgment action." *Id.* at 793-94. In other words, a declaratory judgment plaintiff may not convert a district court's discretionary jurisdiction under *Wilton* into nearly mandatory jurisdiction under *Colorado River* simply by tossing in dependent or boilerplate nondeclaratory requests. *Riley v. Dozier Internet Law, PC*, 371 F. App'x 399, 404 n.2 (4th Cir. 2010).

So, for instance, in *Horne v. Firemen's Ret. Sys. of St. Louis*, the Eighth Circuit held that the plaintiff's claim was "most aptly characterized as one for declaratory judgment" despite his request for injunctive relief and pursuit of money damages. 69 F.3d 233, 236 (8th Cir. 1995). The plaintiff, who claimed that his employer's policy of mandatory retirement was unlawful, sued for "declaratory relief, an injunction to keep defendants from removing him from his job, emotional distress damages, and attorney's fees." *Id.* at 235. The Eighth Circuit held that *Wilton* abstention was nonetheless appropriate, explaining that

- 3 -

> [t]he essential distinction between a declaratory judgment action and an action seeking other relief is that in the former no actual wrong need have been committed or loss have occurred in order to sustain the action. Although [the plaintiff] suffered a threatened harm, he has suffered no actual harm aside from unspecified emotional distress and attorney's fees. [He] continues to work, and the essence of his suit is one for declaratory judgment.

*Id.* at 236 (citation omitted); *see also Royal Indem. Co.*, 511 F.3d at 794-95.

The circumstances here are comparable. The Court recognizes that in some situations, a party's "good faith" request for injunctive relief may preclude application of the *Wilton* standard. *See Royal Indem. Co.*, 511 F.3d at 795 n.3 (citing *Cedar Rapids Cellular Tel., L.P. v. Miller*, 280 F.3d 874 (8th Cir. 2002)). But a party cannot avoid *Wilton* "merely by artfully pleading manufactured claims for injunctive relief." *Id. Wilton* would be a dead letter if it could be avoided in an otherwise-paradigmatic declaratory judgment case involving the construction of a contract, simply because the plaintiff tagged "and enjoin the defendant from enforcing the contract" onto its prayer for relief. And Johnson's tortious interference claim is similarly dependent—if the Court were to reject Johnson's claim under the Declaratory Judgment Act, Johnson could not recover on his tort claim either. The basis of the tortious interference claim is simply Experian's attempt to enforce its proposed construction of the parties' contract. The essence of this suit is one for declaratory judgment. *See*, *Royal Indem. Co.*, 511 F.3d at 794-96; *Horne*, 69 F.3d at 236.

Finally, Johnson argues that *Wilton* abstention is inappropriate because the Illinois state court proceedings are not parallel to this case. If the suits are not parallel, the Court's discretion to abstain is limited. *See Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 998 (8th Cir. 2005). But Johnson's argument is without merit. Suits are parallel if substantially the same parties litigate substantially the same issues in different forums. *Lexington Ins. Co.*, 721 F.3d at 968. That description is "necessarily imprecise given the wide array of issues—and varying articulations of similar issues—that may arise in arguably related litigation." *Id.* As a functional matter, though, state proceedings are parallel if they involve the same parties or if the same parties may be subject to the state action and if the state action is likely to fully and satisfactorily resolve the dispute or uncertainty at the heart of the federal declaratory judgment action. *Id.*

- 4 -

There is little doubt that the Illinois state action, if prosecuted to a conclusion, would resolve the contractual dispute that is at the heart of this case. Johnson argues that there is an issue of federal law in this case involving the forum selection clause. Filing 21 at 12-13. But even assuming that in some instances, a forum selection issue may be governed by federal procedural law, see *Fru-Con Constr. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 537-38 (8th Cir. 2009), there is no such issue here: Johnson's arguments against an Illinois forum are premised entirely on Nebraska substantive law. *See* filing 21 at 5-11. Johnson also implies that it makes a difference that he filed a day earlier. Filing 21 at 12. But the Eighth Circuit has concluded that abstention was appropriate even when the declaratory judgment action was filed months before the state-court action. *W. Heritage Ins. Co. v. Sunset Sec., Inc.*, 63 F. App'x 965, 967 (8th Cir. 2003) (citing *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 875 (8th Cir. 2000)); *see Prudential Ins. Co. of Am. v. Doe*, 140 F.3d 785, 790 (8th Cir. 1998) (recognizing general principle that "declaratory judgments are not to be used defensively to deny a prospective plaintiff's choice of forums").

For the sake of completeness, the Court notes that what has given it the most pause is an issue not raised by Johnson: the fact that this case was removed from state court. It seems strange that a defendant may remove an action to a federal forum and then argue, in essence, that the issues should not be decided by a federal forum. But as odd as that seems, it appears to be the law. *See*, *Golden Eagle Ins. Co. v. Travelers Cos.*, 103 F.3d 750, 755 (9th Cir. 1996), *overruled on other grounds*, *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998); *Ohio v. Nobile & Thompson Co., L.P.A.*, No. 2:12-cv-1053, 2013 WL 753837, at *6 (S.D. Ohio Feb. 27, 2013); *Leasing One Corp. v. Fid. & Deposit Co. of Md.*, No. 3:11-35, 2011 WL 3794367, at *2 (E.D. Ky. Aug. 25, 2011); *Bland v. Southline Steel Indus., Inc.*, No. 1:08CV-161, 2008 WL 5274880, at *2 n.1 (W.D. Ky. Dec. 16, 2008); *WBS Connect, LLC v. One Step Consulting, Inc.*, No. 07-cv-514, 2007 WL 4268971, at *8 n.5 (D. Colo. Nov. 30, 2007); *Nat'l Union Fire Ins. Co. v. Am. Axle & Mfg. Holdings, Inc.*, No. 03-71738, 2004 WL 3257089, at *9 (E.D. Mich. Feb. 12, 2004); *Bd. of Cnty. Commrs. v. Cont'l W. Ins. Co.*, 184 F. Supp. 2d 1117, 1120 (D. Kan. 2001). And it would be just as peculiar if a defendant faced with parallel cases in two state forums were unable to effectively remove to federal court without waiving its arguments with respect to choice of forum. The incongruity arises from tension between the policy underlying diversity jurisdiction—that an out-of-state defendant might expect a fairer shake in federal court—and the policies of comity and federalism that underlie most

doctrines of abstention. In this instance, the permissive language of the Declaratory Judgment Act means the tension is resolved in favor of *Wilton*.[3]

Johnson offers no argument directly addressing *application* of the *Wilton* rubric. And the Court finds that *Wilton* counsels in favor of abstention—at least for now. As suggested above, the state case includes the same issues and parties as this case, and all the claims presented here can be decided there. Judicial economy is also served by permitting the Illinois case to decide Johnson's fully-briefed motion to dismiss. But the Court will stay this case, rather than dismissing it. Should the Illinois court grant Johnson's motion to dismiss, this Court's abstention analysis could change. Because of the potential for non-parallel litigation, and because of the preference for stays over dismissal, the Court concludes that staying this case is appropriate. *See Royal Indem. Co.*, 511 F.3d at 797-98. The parties can, respectively, move to lift the stay or dismiss the case entirely depending on the progression and disposition of the Illinois action. In the meantime, Experian—as the party interested in maintaining the stay—will be required to report to the Court, every 60 days, on the progression and status of the Illinois case.

Having decided to stay this action, the Court will deny Johnson's motion for preliminary injunction, but without prejudice. The Court is mindful of the fact that while Johnson asked the Court to enjoin Experian from enforcing the noncompetition agreement, the practical result would be to enjoin the Illinois action—something the Court would be extremely reluctant to undertake. *See*, *Younger v. Harris*, 401 U.S. 37 (1971), *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1249 (8th Cir. 2012). But more pragmatically, the fact of the matter is that depending on what happens in Illinois, the facts weighing for or against injunctive relief are likely to change, so the Court finds that the better course of action would be for the plaintiff to refile his motion, should the stay of these proceedings be lifted.

---

[3] The Court has considered whether remanding this action to Nebraska district court, rather than staying the case, would be more appropriate. The Court does not doubt that it has authority to do so based on abstention. *See Melahn v. Pennock Ins., Inc.*, 965 F.2d 1497, 1501-02 (8th Cir. 1992); *see also Graphic Commc'ns Local 1B Health and Welfare Fund "A" v. CVS Caremark Corp.*, 636 F.3d 971, 975-76 (8th Cir. 2011). But the Court declines to do so, for two reasons. First, remand would simply leave the Nebraska state court with parallel litigation, and well behind the Illinois court's uninterrupted progression of the case. And second, and perhaps more importantly: Johnson has at no point moved to remand, and this case is well past the point at which such a request might be considered reasonable. *See Graphic Commc'ns*, 636 F.3d at 975-76.

IT IS ORDERED:

1. Johnson's Motion for Temporary Restraining Order and Temporary Injunction (filing 7) is denied without prejudice.

2. Experian's Motion to Stay (filing 16) is granted.

3. This case is stayed.

4. Experian shall report to the Court every 60 days, beginning on or before July 28, 2015, on the progression and status of the Illinois proceedings.

5. The Clerk of the Court shall set a status report deadline of July 28, 2015.

Dated this 27th day of May, 2015.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge